DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Huron County Court of Common Pleas which denied defendant-appellant Charles R. Osborne Sr.'s petition for postconviction relief.
On January 17, 1996, following a jury trial, appellant was found guilty of burglary, a violation of R.C. 2911.12(A)(1), and theft of a firearm, a violation of R.C. 2913.02(A)(1). Appellant was sentenced to an indefinite term of eight to fifteen years for burglary and three to five years for theft of a firearm. The sentences were to be served concurrently. Appellant's conviction and sentence was affirmed by this court in Statev. Osborne (May 9, 1997), Huron App. No. H-96-013, unreported.
On January 24, 2001, appellant filed a petition for postconviction relief, pursuant to R.C. 2953.21 and 2953.23. The trial court denied appellant's petition on February 21, 2001, finding that the petition was untimely and that appellant failed to establish the requirements under R.C. 2953.23. Appellant then filed in instant appeal, pro se, and sets forth the following assignments of error:
 "(1) The trial court erred by, denying an evidentiary hearing;
 "(2) Ineffective assistance of counsel; Did not investigate:
 "(3) Ineffective assistance of counsel; Did not subpoena a witness
 "(4) Ineffective assistance of counsel; Did not call to the courts [sic] attention that the state used perjured testimony:
 "(5) Ineffective assistance of counsel; Did not call to the courts [sic] attention that the officers for the State of Ohio, Tampered with evidence:
 "(6) Ineffective assistance of counsel; Did not file a motion to suppress the evidence:
 "(7) The trial court abused it's [sic] discretion when denying the appellant the right to represent himself;
 "(8) Ineffective assistance of counsel for not investigating the employment of the States [sic] witness, Anthony Lowe;"
Appellant does not dispute that because his conviction occurred in 1996, and he did not file his petition for postconviction relief until January 24, 2001, the petition is untimely. R.C. 2953.23(A) provides that a court may not entertain an untimely petition
"unless [subsection (1) and (2)] of the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."
 "(2) The petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
Upon review of appellant's Assignments of Error Nos. Two through Eight, we find that appellant has failed to demonstrate, as required under R.C. 2953.23(A), that he was unavoidably prevented from timely discovery of the facts in support of his petition for postconviction relief. Appellant argues that his trial counsel was ineffective on several bases including failure to investigate, subpoena a witness, or file a motion to suppress. Appellant also contends that trial counsel failed to call to the attention of the court the state's alleged use of perjured testimony and alleged tampering with evidence. These facts were all discoverable by appellant at the time of trial. Accordingly, appellant's second through eighth assignments of error are not well-taken.
Based upon the foregoing, we find appellant's first assignment of error moot. The petition for postconviction relief was untimely and the trial court, pursuant to R.C. 2953.23, was prevented from entertaining the merits of appellant's petition.
On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _________________________ Mark L. Pietrykowski, P.J.
Peter M. Handwork, Judge and James R. Sherck, Judge CONCUR.